Sells E. Woodhull, Respondent, *v.* The Mayor, Aldermen and Commonalty of the City of New York and The City of Brooklyn, Appellants.

*Case on appeal must be settled and signed, and ordered filed — effect of an omission — what brought up for review.*

When a case on appeal has neither been settled and signed by the judge who tried the action, as required by section 997 of the Code of Civil Procedure, nor been ordered to be filed with the clerk and annexed to the judgment roll, as prescribed by rule 35 of the General Rules of Practice, it forms no part of the judgment roll and is not brought up for review by the General Term by a notice of appeal from the judgment and from an order denying a motion for a new trial.

Under such circumstances, a notice of appeal from the judgment and from an order denying a motion for a new trial made upon the minutes, brings up for review the judgment roll and the order only, and when no error appears upon the face of either, the judgment and order must be affirmed.

Separate appeals by the respective defendants, the Mayor, Aldermen and Commonalty of the city of New York and the city of Brooklyn, from a judgment of the Supreme Court, entered in

the office of the clerk of the city and county of New York on the 12th day of December, 1892, upon a verdict in favor of the plaintiff rendered at the New York Circuit, as reduced in amount, and from an order entered in said clerk's office January 6, 1893, denying a motion for a new trial.

*Theodore Connoly* and *Terence Farley*, for the appellants.

*Paul A. De Fere* and *William J. Gaynor*, for the respondent.

Per Curiam:

December 8, 1892, a verdict in favor of the plaintiff for $4,000 damages was rendered. On the next day, the defendants moved on the judge's minutes for a new trial, " on all the grounds specified in section 999 of the Code of Civil Procedure." On the same day an order was entered granting the motion, " unless the plaintiff consents to the reduction thereof to the sum of $1,500, and if such consent be made, that said motion for a new trial be denied."

December tenth, the plaintiff filed a stipulation reducing the verdict to $1,500, and on the 12th of December, 1892, a judgment was entered for $1,500 damages and $227.07 costs — total, $1,727.07. On the 6th of January, 1893 (twenty-five days after the entry of judgment), a further order was entered reciting that "a verdict having been rendered on the second cause of action in favor of the plaintiff for the sum of four thousand dollars ($4,000), and the said verdict having been reduced to fifteen hundred dollars ($1,500), and defendants having moved to set aside said verdict, and for a new trial on all the grounds specified in section 999 of the Code of Civil Procedure," and directing, "that the said motion be and is hereby in all respects denied." One of the grounds mentioned in section 999 is that "the verdict is for * * * insufficient damages." Afterwards, and in the month of January, 1893, the defendants severally appealed from the judgment and from the order entered January 6, 1893. The record before us contains the judgment roll, the order of January sixth, the notices of appeal and what purports to be a case containing exceptions. This case sets forth the questions put to the witnesses and the answers given by them, and is evidently nothing but a copy of the stenographer's minutes of the proceedings which took place on the trial.

This is a violation of general rule No. 34. This so-called case has never been settled by the judge who tried it, as required by section 997 of the Code of Civil Procedure. No. 35 of the General Rules of Practice provides that " no case or exceptions to be annexed to the judgment roll shall hereafter be filed by the clerk of the court, unless the same is so ordered by the judge or referee who tried the cause." The so-called case not having been ordered filed with the clerk and annexed to the judgment roll, it forms no part of the roll and is not brought, by the notice of appeal from the judgment, before this court for review. The case not having been settled nor signed by the judge who tried it, we cannot review the order of January 6, 1893, denying a motion for a new trial, even if we assume it was made " at the same term " at which the action was tried. Heretofore the court has often simply declined to hear cases presented by such records, and has allowed them to be withdrawn for correction. But this has not been sufficient to stop this irregular practice. The notices of appeal do bring before this court for review the judgment roll and the order of January sixth, but nothing else. No error appearing upon the face of either, both must be affirmed, with costs.

Present — Van Brunt, P. J., and O'Brien and Follett, JJ.

Judgment and order affirmed, with costs.